UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CALDERON-SILVA,<br><br>Petitioner,<br><br>v.<br><br>K. HOLLEN, Warden,<br><br>Respondents. | No. 2:14-cv-0052 DAD P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**BACKGROUND**

In his petition for writ of habeas corpus, petitioner challenges a judgment of conviction entered against him on November 18, 2011, in the Sacramento County Superior Court for aggravated assault and possession of a weapon. According to the form petition before this court, on October 19, 2012, the California Court of Appeal for the Third Appellate District affirmed his judgment of conviction, and on January 3, 2012, the California Supreme Court denied review. (Pet. at 2-3.)

1

1    In the pending federal habeas petition, petitioner asserts several claims, including: (1) jury instruction errors; (2) the trial court abused its discretion in denying petitioner's Romero motion; (3) the trial court abused its discretion in shackling petitioner during his trial; (4) ineffective assistance of counsel; (5) insufficient evidence to support a conviction; and (6) prosecutorial misconduct. According to the form petition, petitioner raised claims (1) and (2) on direct appeal in state court. Petitioner also alleges that he is currently pursuing habeas corpus relief on claims (3) through (6) before the California Court of Appeal. (Pet. at 3-6.)

## EXHAUSTION OF STATE COURT REMEDIES

Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion may only be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion may not be implied or inferred. Thus, state courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).

## STAY AND ABEYANCE PROCEDURES

In this case, petitioner alleges that claims (1) and (2) of his petition are exhausted, but appears to acknowledge that claims (3) through (6) are unexhausted (i.e., petitioner has not yet presented these latter claims to the California Supreme Court). This court cannot grant habeas corpus relief based on a "mixed" petition, containing both exhausted and unexhausted claims.

2

The United States Court of Appeals for the Ninth Circuit has analyzed the two stay and abeyance procedures available to habeas petitioners who wish to proceed with both exhausted and unexhausted claims for relief. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth Circuit explained "the Kelly procedure," which it had outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely. If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay. See King, 564 F.3d at 1140-41. See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his petition to delete unexhausted claims. Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his petition. See King, 564 F.3d at 1140. However, the Supreme Court cautioned that a "stay and abeyance [under the Rhines

procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278. In addition, federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

**DISCUSSION**

As noted above, this court cannot grant habeas corpus relief based on a "mixed" petition, containing both exhausted and unexhausted claims. As such, the court will grant petitioner thirty days to inform the court how he wishes to proceed after considering the three options explained more fully below.

First, because there is a "mixed" petition before this court containing both exhausted and unexhausted claims, petitioner may elect to seek a stay and abeyance order. Such an order would allow petitioner to return to state court to exhaust claims (3) through (6) of his petition. If petitioner elects this option, he will need to file either: (a) a motion for a stay and abeyance pursuant to the Kelly procedure, together with an amended petition containing only his first two purportedly exhausted claims; or (b) a motion for a stay and abeyance pursuant to the Rhines procedure that shows "good cause" for petitioner's failure to exhaust all claims before filing this action, demonstrates why each of petitioner's unexhausted claims is potentially meritorious, describes the status of any state court proceedings on the unexhausted claims, and demonstrates that petitioner has acted diligently in pursuing his unexhausted claims.

Second, petitioner may elect to abandon claims (3) through (6) of his petition without seeking a stay and abeyance order and proceed solely on his first two purportedly exhausted claims.

Third and finally, petitioner may move to voluntarily dismiss this action and complete exhaustion of claims (3) through (6) of his petition and then file a new federal petition presenting all of his exhausted claims. However, this is a potentially risky option to pursue because if

petitioner were to choose it, any future federal petition for writ of habeas corpus may very well be time barred.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted; and

2. Within thirty days of the date of this order, petitioner shall file either: (1) a motion for a stay and abeyance pursuant to the Kelly procedure or the Rhines procedure; (2) a motion to dismiss claims (3) through (6) of his petition; or (3) a motion to voluntarily dismiss this action.

Dated: February 11, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cald0052.status